UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LINDA S. ZEHRUNG,            )<br>         Plaintiff,             )<br>                                        )<br>     vs.                               )<br>                                        )<br>UNITED AUTO WORKERS   )<br>LOCAL NO. 663,                )<br>         Defendant.            ) | 1:04-cv-00056-RLY-WTL |

**ENTRY ON DEFENDANT UAW LOCAL 663'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Linda S. Zehrung ("Plaintiff"), was formerly employed by defendant, United Auto Workers Local 663 ("Local 663"), as a janitor. As an employee of Local 663, Plaintiff was represented for purposes of collective bargaining by Local 1 of the Office of Professional Employees International Union ("OPEIU Local 1"), and the terms and conditions of her employment were governed by a collective bargaining agreement between Local 663 and OPEIU Local 1. Local 663 terminated her employment on October 28, 2003, for failing to return to work within five days after the expiration of her sick leave as required by the collective bargaining agreement. In Plaintiff's Complaint, she alleges that Local 663 "unlawfully terminated her employment to prevent her from continued [sic] on its health insurance and to prevent her from applying for or becoming eligible to receive long term disability insurance benefits" in violation of Section 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140.

1

Pursuant to Local Rule 56.1(h), *pro se* litigants like Plaintiff are subject to the requirements of Local Rule 56.1 and must be so advised by the moving party at the time the motion for summary judgment is filed. Local 663 complied with its obligations, and notified Plaintiff of the rules applicable to the instant motion. Plaintiff failed to comply with Local Rule 56.1(e) by neglecting to include a "Statement of Material Facts in Dispute" or by otherwise identifying the facts in dispute. Under Local 56.1(b), the factual statements submitted by Local 663 in its Statement of Facts Not in Dispute are therefore deemed admitted.

A party bringing a Section 510 claim must first establish a prima facie case. To that end, Plaintiff must show that she "'(1) belongs to a protected class; (2) was qualified for h[er] job position; and (3) was discharged or denied employment under circumstances that provide some basis for believing that the prohibited intent to retaliate was present.'" *Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 296 (7th Cir. 1998) (quoting *Grottkau v. Sky Climber, Inc.*, 79 F.3d 70, 73 (7th Cir. 1996)). The court may bypass the prima facie case "where a defendant has advanced a legitimate, nondiscriminatory reason for its action." *Id*.

Plaintiff cannot avoid summary judgment on her Section 510 claim for three principle reasons. First, she was not eligible for and could not have become eligible for long term disability benefits under any circumstances, as the relevant collective bargaining agreement did not so provide. Second, Plaintiff failed to return to work within five working days of the expiration of her sick leave. Thus, she was not qualified for the

position involved because she failed to satisfy a condition of continued employment when she failed to return to work within five days after her leave of absence expired. Lastly, Plaintiff did not come forward with evidence putting the honesty of Local 663's reason for her termination into doubt. Her assertion that she was not required to return to work until October 23, 2003, rather than October 22, 2003, as well as her assertion that she provided medical documentation of her need for continued sick leave within the five-day window required under the collective bargaining agreement, does not change the court's conclusion. Plaintiff's assertion is inconsistent with the language of the collective bargaining agreement, the documentary evidence, and the facts asserted by Local 663 which Plaintiff did not dispute in compliance with Local Rule 56.1. For these reasons, the court **GRANTS** Local 663's Motion for Summary Judgment (Docket # 84).

**SO ORDERED** this  13th  day of September 2007.

                                              RICHARD L. YOUNG, JUDGE
                                              United States District Court
                                              Southern District of Indiana

Electronic Copies to:

Barbara J. Baird
THE LAW OFFICE OF BARBARA J BAIRD
bjbaird@bjbairdlaw.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Nora L. Macey
MACEY SWANSON AND ALLMAN
nmacey@maceylaw.com

Copy to:

LINDA S. ZEHRUNG
3266 S. 200 E.
Anderson, IN 46016